By the Court, Barbour, J.
The general rule is that the liability of common carriers who have received goods for transportation is continued until the actual delivery thereof to the consignee at the place of destination. Where actual delivery is impossible, however, because the consignee cannot be found, or because of his neglect to take the goods away within a reasonable time, the carrier may divest himself of his common law liability by placing them in a warehouse belonging either to himself or to another, to be there stored for the.benefit and at the charge and ordinary risk of the owner, and to be delivered to him by the storekeeper upon payment of warehouse charges, together with those of the carrier. So, also, where the consignee fails to take away the goods within a reasonable time after he has notice of their arrival, the carrier’s extraordinary common law risk ceases at the end of such time, although the goods may still remain upon his carriage or vessel. By usage, too, where the same exists, goods may be deposited by the carrier at a customary place, such as a wharf, and if the person, whose duty it is to receive them, shall fail to' take them away within a reasonable time after notice thereof, the carrier will, thenceforth, be discharged of his liability. (2 Kent’s Com. 597-608. Story on Cont. §§ 467-473. Chitty on Cont. 483, and eases cited by those writers.)
I am satisfied from a careful examination of the authorities and cases bearing upon the subject, that a common carrier cannot legally divest himself of his common law liability as such carrier in any other way, where the consignee may be found, t ian, b_y am, actual delivery' of the goods to such consignee or~by giving notice to him, if he can be found with reasonable diligence, and his failure, after the lapse of a reasonable time for that purpose, to take them away.
*127 It is true, the Supreme Court of Massachusetts has held, in the case of Thomas v. The Boston and Providence R. R. Co., (10 Metc. 472,) that where it is the usage of a railroad company to deliver'goods by discharging them upon their own platform, without giving notice to the consignee or owner, the persons sending goods by them must be presumed to have assented to such usage; thus, as it seems to me, deciding that railroad companies, in that state, may make laws,-not only for their own government, but for that of the persons sending goods by them. Similar decisions may be found in Norway R. Co. v. B. and M. R. R. Co., (1 Gray, 263,) and McCarty v. N. Y. and Erie R. R. Co., (30 Penn. Rep. 247.) The same question, however, has been adversely decided in Moses v. B. and M. R. R. Co., (32 N. H. Rep. 523,) and in M. Cent. R. R. Co. v. Ward, (2 Mich. Rep. 538.) In this state, no such doctrine has ever been promulged by any of our courts; nor am I able to perceive why a different rule should obtain in regard to railroad companies from that which controls all other common carriers, whether by land or water.
Of course, if I am right in the opinion above expressed, it is unnecessary to consider whether the notice given to the plaintiffs, that the goods would be placed in store at their charge, unless taken away without delay, was, or was not, a waiver of the defendants’ right to require the - consignee to remove them within what might otherwise be considered a reasonable time, as well as the assumption of an obligation on their part to hold the goods as common carriers until they should be removed within a reasonable time, or to properly place the same in store, in case they should not be taken away by the consignee.
The direction, in this case, of the learned judge, touching the liability of the defendants in case the plaintiffs should be found to have exercised due diligence in regard to taking their goods away, was,’therefore, strictly proper; and the verdict of the jury was fully justified by the evidence. It follows that the judgment should be affirmed, with costs.